UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-20744-CIV-LENARD/O'SULLIVAN

JOHN L. STEELE,

      Plaintiff,

vs.

PAUL GODFREAD, ALAN COOPER,
and JOHN DOES 1-10,

      Defendants.

_____/

ORDER REFERRING DISCOVERY DISPUTES AND
CERTAIN PRETRIAL MOTIONS TO MAGISTRATE JUDGE;
DIRECTING PARTIES TO FILE CERTIFICATES OF INTERESTED PARTIES;
DIRECTING PARTIES TO FILE A NOTICE OF REFILING AND/OR OF RELATED
CASES; REQUIRING JOINT COMPLETION OF FORM CONSENTING TO
JURISDICTION BY MAGISTRATE JUDGE; NOTICE OF COURT PRACTICE IN
REMOVAL ACTIONS; AND DIRECTING PARTIES TO FILE A JOINT SCHEDULING
REPORT AND FORM

**THIS CAUSE** is before the Court upon a <u>sua sponte</u> review of the file.

1.    PRETRIAL DISCOVERY DISPUTES AND CERTAIN NON-CASE-DISPOSITIVE MOTIONS ARE REFERRED TO THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is referred to United States Magistrate Judge **JOHN J. O'SULLIVAN** to take all necessary and proper action as required by law with respect to **all discovery disputes and discovery motions as well as non-case-dispositive motions filed under Federal Rules of Civil Procedure 12, 13, 14 and 15.**

IT IS HEREBY ORDERED that

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

The Parties shall comply with the discovery procedures employed by the Magistrate Judge as set forth in the attached document, "Discovery Procedures for Magistrate Judge John J. O'Sullivan."  If the filing of a written motion is appropriate, the Parties shall indicate the name of the Magistrate Judge assigned to this case on the motion and related papers referred by this Order.

**IT IS FURTHER ORDERED that**

2.   **THE FOLLOWING RULES APPLY TO DISCOVERY OBJECTIONS MADE IN PROCEEDINGS BEFORE THIS COURT**

**Vague, Overly Broad, and Unduly Burdensome**

The Parties shall not make nonspecific, boilerplate objections.  Such objections do not comply with Local Rule 26.1(g)(3)(A) which provides, "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds."  Objections that state that a discovery request is "vague, overly broad, or unduly burdensome" are, standing alone, meaningless, and will be found meritless by this Court.  A party objecting on these grounds must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome.  See Fed.R.Civ.P. 33(b)(4); Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("[T]he mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection to an interrogatory").

-2-

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

**Irrelevant and Not Reasonably Calculated to Lead to Admissible Evidence**

As with the previous objection, an objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence.  The Parties are reminded that the Federal Rules allow for broad discovery that does not need to be admissible at trial.  See Fed.R.Civ.P. 26(b)(1); Oppenheimer Fund, Inc., v. Sanders, 437 U.S. 340, 345 (1978); see also Local Rule 26.1(g)(3)(A).

**Formulaic Objections Followed by an Answer**

The Parties shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection.  Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.  See Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18; see also Local Rule 26.1(g)(3)(A).

**Objections Based upon Privilege**

-3-

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with local rules. Local Rule 26.1(g)(3)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as, <u>inter alia</u>, the nature and subject matter of the communication at issue and the sender and receiver of the communication and their relationship to each other. The Parties are instructed to review Local Rule 26.1(g)(3)(A) carefully and to refrain from objections such as: "Objection. This information is protected by attorney/client and/or work product privilege."

**IT IS FURTHER ORDERED that**

3.     **THE PARTIES SHALL SUBMIT CERTIFICATES OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENTS**

Plaintiff(s), Defendant(s), Intervenors and Amici Curiae shall each file a Certificate of Interested Persons and Corporate Disclosure Statement, which shall contain a complete list of **<u>any and all</u>** persons, associated persons, firms, partnerships, and/or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a Party. The Parties shall take notice that this disclosure obligation exceeds the scope of that required by Rule 7.1 of the Federal Rules of Civil Procedure. However, if a Party is a publicly-traded corporation, that Party is directed to so state and need not provide more information than is required by Rule 7.1.

-4-

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

The Parties shall have **fifteen (15) days from the date of this Order** to file the original Certificate.  Throughout the pendency of this action, the Parties shall remain under a continuing duty to amend, correct and update the Certificate.

**IT IS FURTHER ORDERED that**

4.   THE PARTIES SHALL FILE NOTICES OF REFILING AND/OR OF RELATED CASES

The attorneys of record for the Plaintiff(s), Defendant(s), or any other party shall file a Notice of Refiling and/or of Related Cases, containing a list of any action, whether filed before a court or administrative agency, that is described in Section 2.15.00 of the Internal Operating Procedures of the Southern District of Florida.  In particular, the Notice shall specifically identify and describe any action that constitutes a previous filing of the above-captioned cause as well as any action that concerns substantially similar factual allegations and legal issues.  Each Party shall have **fifteen (15) days from the date of this Order** to file the Notice, and the attorneys of record shall remain under a continuing duty to amend, correct and update the Notice.

**IT IS FURTHER ORDERED that**

5.   THE PARTIES ARE TO JOINTLY COMPLETE THE ATTACHED FORM CONSENTING TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28, U.S.C. § 636(c), the parties are notified that a United States Magistrate Judge is available to exercise the Court's jurisdiction and

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

to conduct any or all proceedings in this case including a jury or non-jury trial, and the entry of a final judgment.  The Magistrate Judge may only exercise the Court's jurisdiction, however, if all parties voluntarily consent.

Any party may, without adverse substantive consequences, withhold consent.  If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

A Party may appeal a judgment that a Magistrate Judge enters directly to the United States Court of Appeals in the same manner as the Party would appeal any other judgment of the District Court.  Therefore, in light of the advantages that may be offered by trial before a U.S. Magistrate Judge, such as an earlier, or specially-set trial date, the Parties are urged to consider consenting to magistrate jurisdiction for trial and other related matters. **Within thirty (30) days of the date of this Order**, counsel shall, after conferring with their respective clients, meet in person, by telephone or by other comparable means to complete and file the attached form titled, "Joint Consent to Jurisdiction by a United States Magistrate Judge."

To the extent that this Order conflicts with the Local Rules, this Order supercedes them.  The Parties and all counsel are reminded of their ongoing duties to comply with the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Florida, including Rules 5.1(a)-(d) and 7.1(a)-(f).

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

**IT IS FURTHER ORDERED that**

6.   **NOTICE OF COURT PRACTICE IN REMOVAL ACTIONS**

Should the non-removing party choose to file a motion to remand this case on the basis of any defect other than subject matter jurisdiction, such motion must be filed within 30 days of the filing of the Notice of Removal pursuant to Title 28, United States Code, Section 1446(b).

Counsel for the removing Party or Parties is directed to file and serve a removal status report ("Removal Status Report") within **fifteen (15) days of the date of this Order**. Failure to file a timely Removal Status Report shall be grounds for remand.

The Removal Status Report **shall contain** the following information:

1.   A plain statement of the nature of the claim(s) and of any counterclaim, cross-claim, or third-party claim asserted, including the amount of damages claimed and any other relief sought.

2.   A plain statement of the grounds for removal.

3.   Where the action has been removed pursuant to Title 28, United States Code, Section 1332, a plain statement of the <u>citizenship</u> of all Parties to the action, including third parties.

4.   A list of all Parties to the action, including Parties to any third-party claim.

5.   As to each Defendant, a statement as to whether that Defendant:

   a.   has been served;

   b.   has joined in or consented to removal; and/or

-7-

      c.      has filed a responsive pleading.

6.      A detailed explanation concerning the timeliness of removal.

7.      A list of any motions pending at the time of removal.

In addition to the Removal Status Report, Counsel for the Removing Party or Parties must file with the Clerk copies of all process (i.e., returns of service, etc.), pleadings (i.e., complaints, answers, etc.), pending motions (with any attachments, memoranda of law, responses, or replies, etc.), attachments, and orders in the state court action, **within fifteen (15) days of the date of this Order**.  The removing Party or Parties need not submit discovery requests or responses as part of this filing.  The above documents shall be filed as separate exhibits to the removal Status Report (but all part of the same docket entry).

**Failure of the removing Party or Parties to provide, within fifteen (15) days of the date of this Order, the information requested above and/or required by Title 28, United States Code, Section 1446(a) may result in remand of the action or in the imposition of other sanctions, as appropriate.**

**IT IS FURTHER ORDERED that**

7.      **THE PARTIES ARE DIRECTED TO FILE A JOINT SCHEDULING REPORT AND FORM.**

Pursuant to Southern District of Florida Local Rule 16.1(b), counsel for all Parties (or the Party, if proceeding <u>pro se</u>) shall meet in person, by telephone or by other

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

comparable means for a scheduling conference and shall prepare the Joint Scheduling Report and Form.

**THEREFORE,**

**Within thirty (30) days of the date of this Order**, the Parties shall file a Joint Scheduling Report.  The Report shall be submitted jointly by the Parties; unilateral reports will not be accepted.  The Joint Scheduling Report shall include the following information:

a.   A discussion of the likelihood of settlement;

b.   A discussion of the likelihood of appearance in the action of additional parties;

c.   The necessity or desirability of amendments to the pleadings;

d.   A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses;

e.   Suggestions for the avoidance of unnecessary proof and of cumulative evidence;

f.   A discussion of possible admissions of fact; of possible stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence;

g.   A preliminary estimate of the time required for trial; and

h.   Any other information that might be helpful to the Court.

**IN ADDITION**,

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

As an attachment to the Joint Scheduling Report**, the Parties shall also file a completed copy of the attached form, titled "Joint Scheduling Form."**  All deadlines provided in the form shall be <u>date specific</u>, e.g. January 1, 2006.  The Court shall issue a Scheduling Order incorporating, whenever possible, the dates requested by the Parties and counsel.  All Parties and counsel shall comply with the time periods adopted in the Scheduling Order so as not to disrupt the dates set for the pretrial conference and trial.  The dates and deadlines established by the Scheduling Order shall not be amended without leave of Court upon a showing of good cause.

The Parties and counsel need not submit a proposed Scheduling Order.

**<u>MEDIATION</u>**.  In addition to ordering all Parties to participate in mediation following the close of discovery, the Court may order all parties to participate in <u>initia</u>l mediation within sixty (60) days upon the appearance of all Parties to this action.  In the event <u>initial</u> mediation is unsuccessful in resolving all claims, the Parties shall be required to participate in a subsequent mediation no later than two (2) weeks after the close of fact discovery.

**LAST, IT IS ORDERED that**

Plaintiff is hereby **DIRECTED** to provide a copy of this Order to all Parties entering an appearance or filing a response in this matter who are not currently reflected below.

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

**DONE AND ORDERED** in Chambers at Miami, Florida this 6th day of March, 2013.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

-11-

Case No. 13-20744-CIV-LENARD/O'SULLIVAN

# DISCOVERY PROCEDURE FOR
## <u>MAGISTRATE JUDGE JOHN J. O'SULLIVAN</u>

The following discovery procedures apply to all civil cases assigned to United States District Judge Joan A. Lenard.

If parties are unable to resolve their discovery disputes without Court intervention, Magistrate Judge John J. O'Sullivan will set the matter for a hearing.  Discovery disputes are generally set for hearings on Tuesdays and Thursdays in the 5th Floor Courtroom, United States Courthouse, 301 N. Miami Avenue, Miami, Florida.

If a discovery dispute arises, the moving party must seek relief within fifteen (15) days after the occurrence of the grounds for relief, by contacting Magistrate Judge O'Sullivan's Chambers and placing the matter on the next available discovery calendar. Magistrate Judge O'Sullivan's telephone number is (305) 523-5920.

After a matter is placed on the discovery calendar, the movant shall provide notice to all relevant parties by filing a Notice of Hearing.  The Notice of Hearing shall briefly specify the substance of the discovery matter to be heard and include a certification that the parties have complied with the pre-filing conference required by Southern District of Florida Local Rule 7.1(a)(3).  Generally, no more than ten (10) minutes per side will be permitted.

No written discovery motions, including motions to compel and motions for protective order, shall be filed unless the Court is unable to resolve the dispute at the motion calendar, or unless requested by Magistrate Judge O'Sullivan.  It is the intent of this procedure to minimize the necessity of motions.

The Court expects all parties to act courteously and professionally in the resolution of their discovery disputes and to confer in an attempt to resolve the discovery issue prior to setting the hearing.  The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is not being provided in good faith.